Opinion.

---

## 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

NORTHROP AND WICKHAM, TRUSTEES, *v.* CITY OF RICHMOND
(Richmond College Case).

### June 14, 1906.

1. STREET RAILWAYS—*Reduced Rates—Students of Richmond College.*—
The students attending Richmond College are entitled to reduced
rates of fare on the street railway operated by the plaintiffs in
error for the reasons set forth in *Northrop and Wickham, Trustees,*
v. *City of Richmond, ante* p. 335. Any discrimination between the
students mentioned in that case and this would be arbitrary and
capricious.

Error to a judgment of the Hustings Court of the city of
Richmond in prosecution for violation of a city ordinance. De-
fendants, having been found guilty, assign error.

*Affirmed.*

The opinion states the case.

*Munford, Hunton, Williams & Anderson,* and *A. B. Guigon,*
for the plaintiffs in error.

*H. R. Pollard,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This case is identical with that between the same parties de-
cided at this term (*ante,* p. 335), except that this refers to stu-

dents at Richmond College, while the other has reference to students at the Smithdeal Business College, and that in this case there is no evidence with respect to the construction placed by the parties upon the ordinance of the city of Richmond, or that the students of Richmond College have at any time enjoyed the privilege of purchasing tickets at a reduced price. There seems to be no material difference with respect to the circumstances surrounding the parties in the two cases. If students of Smithdeal College are entitled to the privilege of purchasing tickets at reduced rates by virtue of the ordinance of the city, it is not easy to see why the students of Richmond College should not enjoy the same privilege. It does not appear that the privilege was ever refused, or that it was ever demanded by the students of Richmond College; the record is wholly silent on the subject. When it was granted to the Smithdeal College students by the railway company it could not have been denied to the students of Richmond College upon any reasonable construction of the ordinance of the city which the railway company had accepted. Any discrimination between the students of the two colleges would have been arbitrary and capricious. If by a just construction of the ordinance the one class was entitled to the privilege, and the railway company in the one case admitted and adopted that construction, there could have been no valid reason for adopting a different construction in a substantially identical case.

The judgment is affirmed.

*Affirmed.*